UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FAMILY CARE MEDICAL CENTER, P.A.,<br><br>*Plaintiff*,<br><br>v.<br><br>CHANGE HEALTHCARE INC.,<br><br>*Defendant*. | Civil Action No. 3:26-cv-00933 |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Change Healthcare Inc. ("Defendant") submits this Response in Opposition to Family Care Medical Center, P.A.'s ("Plaintiff") Motion to Remand (ECF No. 14).

## INTRODUCTION

Plaintiff's sole ground for opposing removal is that the forum defendant rule invalidates diversity jurisdiction because, it contends, Defendant is a Tennessee citizen. But this Court recently rejected Plaintiff's exact argument in several identical cases brought against Defendant. In those cases, this Court denied plaintiff's motions to remand without prejudice, deferring a substantive "decision on the status of Defendant's citizenship to the [Judicial Panel on Multidistrict Litigation] because the JPML is likely to already have a familiarity with the [relevant] issues and evidence . . . ." *Dexios Corp. v. Change Healthcare Inc.*, No. 3:26-cv-00340 (M.D. Tenn. Apr. 29, 2026) (Dkt. 17) (the "Order Denying Remand"), attached as **Exhibit 1**.[1] The Court should do

[1] Exhibit 1 is representative of the Opinion and Orders entered in all five actions. *See Alamance Eye Center, P.A. v. Change Healthcare Inc.*, No. 3:26-cv-00344 (M.D. Tenn. Apr. 29, 2026) (Dkt. 17); *Advanced Billing Consultants, Inc. v. Change Healthcare Inc.*, No. 3:26-cv-00338 (M.D. Tenn. Apr. 29, 2026) (Dkt. 19); *DentFirst P.C. v. Change Healthcare Inc.*, No. 3:26-cv-00339 (M.D. Tenn. Apr. 29, 2026) (Dkt. 18); *Reus Services Valued Professionals, Inc. v. Change Healthcare Inc.*, No. 3:26-cv-00337 (M.D. Tenn. Apr. 28, 2026) (Dkt 17).

the same here. This action is identical in substance and posture to the previously decided cases, and the outcome on this identical motion to remand should be the same. This Court should reject Plaintiff's attempt to reframe this motion by highlighting a state-court discovery order that was entered after this action was removed. The order is irrelevant to this motion, is subject to a pending motion to vacate,[2] and does not distinguish the Court's previous reasoning in any way.

Should the Court address the merits of Plaintiff's Motion, it should deny remand. Defendant is a Delaware corporation whose principal place of business is in Eden Prairie, Minnesota. Plaintiff's argument relies on historical filings with the Tennessee Secretary of State and prior representations that predate the termination of Defendant's Nashville lease and consolidation of its operations into its Minnesota parent company. Under Supreme Court precedent, those filings do not dictate Defendant's nerve center. The Court should deny the Motion without prejudice as it did before—but if it does not, it should deny the Motion on the merits because of the parties' complete diversity of citizenship and the forum defendant rule's inapplicability.

## BACKGROUND

### A. Procedural Background

This action is one of fourteen separate actions arising out of a February 2024 criminal cyberattack (the "Cyberattack") filed by Plaintiff's counsel between February 22, 2026 and March 6, 2026. All fourteen actions were filed in the Circuit Court of Davidson County, Tennessee (the "State Court") and contain identical allegations. Five were filed by corporations, which allowed Defendant to immediately remove based on diversity jurisdiction (the "Initial Actions"). Plaintiff's counsel filed substantially similar motions to remand in the Initial Actions on virtually

[2] The state-court order was void *ab initio* as explained in the pending motion to vacate. *See* Mot. to Vacate, ECF No. 8; Mem. in Supp. of Mot. to Vacate, ECF No. 9; Reply in Support of Mot. to Vacate, ECF No. 16.

the same grounds raised in the present Motion, including the forum defendant rule. Likewise, Defendant filed motions in the Initial Actions for stays pending the JPML's decision on Defendant's notices identifying the actions as tag-alongs that should be transferred to the MDL. A substantively identical motion to stay is pending in this action.

As a result of these previous proceedings, this Court already has considered, and resolved, materially identical disputes in related actions arising from the same Cyberattack. *See, e.g.*, Exhibit 1. This Court granted Defendant's motions to stay and denied the motions to remand without prejudice, deferring any substantive ruling on the citizenship question. *Id.* at 13–14. In doing so, the Court explained that deferring to the transferee court—which would have "familiarity with the issues and evidence relevant to a determination of Defendant's citizenship"—would promote judicial economy and "avoid the risk of this Court and the JPML issuing conflicting rulings as to the citizenship of Defendant." *Id.* at 12–13.

Subsequent proceedings have affirmed the Court's approach and decision. On August 7, 2026, the JPML denied Plaintiff's counsel's motions to vacate the conditional transfer order applicable to the Initial Actions and ordered them transferred to the coordinated multidistrict proceedings in the District of Minnesota. *See* Transfer Order, *In re Change Healthcare, Inc., Customer Data Sec. Breach Litig.*, MDL No. 3108 (J.P.M.L. Aug. 7, 2026), ECF No. 708, attached as **Exhibit 2**. The JPML recognized that the transfer would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *Id.* at 1. Furthermore, the JPML determined that "transfer will also provide efficiencies because of overlapping discovery and pretrial motion practice" in the MDL, *id.* at 2, which is precisely where Plaintiff's remand arguments should be heard.

In the current Motion, Plaintiff highlights only one development since the Court's decision in the Initial Actions: entry of a state-court discovery order on July 14, 2026—a week *after* this action was removed. That order (the "Post-Removal Discovery Order") would have provided for limited jurisdictional discovery in Tennessee state court proceedings about Defendant's citizenship. However, the Post-Removal Discovery Order was void *ab initio* because it post-dated removal. On July 22, 2026, Defendant moved to vacate the Post-Removal Discovery Order, and the motion is now fully briefed and pending before the Court. *See* Mot. to Vacate, ECF No. 8; Mem. in Supp. of Mot. to Vacate, ECF No. 9; Reply in Support of Mot. to Vacate, ECF No. 16. As explained in Defendant's pending motion, the state-court proceedings and Post-Removal Discovery Order have no effect on this action, which is now subject to the Federal Rules of Civil Procedure. *See* Mem. in Supp. of Mot. to Vacate, ECF No. 9 at 3.

**B. Defendant's Minnesota and Delaware Citizenship**

Although the Court need not address the merits of Plaintiff's motion, the facts show that there is complete diversity and that the forum defendant rule does not apply. Defendant is a Delaware corporation whose principal place of business is at 1 Optum Circle, Eden Prairie, Minnesota. *See* Declaration of Kelly O'Rourke ("O'Rourke Decl.") filed in the Initial Actions ¶¶ 2–4, attached hereto as **Exhibit 3**. Optum, Inc. ("Optum"), a Delaware corporation with its principal office at 1 Optum Circle, Eden Prairie, Minnesota, has incorporated Defendant's business functions. *Id.* ¶ 4. Optum and Defendant are wholly-owned subsidiaries of UnitedHealth Group ("UHG"). *Id.* ¶ 1. Optum officers and employees direct, control, and coordinate Defendant's material operations and business decisions from 1 Optum Circle, Eden Prairie, Minnesota. *Id.* ¶ 5. Defendant's board does not meet regularly, it has no independent employees, and Optum or

UHG employees serve as its officers working from Eden Prairie, Minnesota. *See id.* ¶¶ 5, 7, Ex. A at 2.

Defendant previously maintained its principal place of business in Nashville, Tennessee, but surrendered its Nashville office space at the end of its lease, effective August 31, 2025. *Id.* ¶ 6. Following the termination of the lease, Defendant underwent the process of formally changing its principal office and place of business to Minnesota, consistent with Optum absorbing Defendant's business functions. As part of this process, on January 28, 2026, Defendant filed a Rule 7.1(b)(2) Supplemental Corporate Disclosure Statement in the related multidistrict litigation captioned *In re: Change Healthcare*, *Inc. Customer Data Security Breach Litig.*, MDL No. 3108. ECF No. 493 (J.P.M.L. January 28, 2026). A true and correct copy of the filed 7.1(b)(2) disclosure statement is attached hereto as **Exhibit 4**. Moreover, Defendant updated its annual report filed with the Tennessee Secretary of State to reflect 1 Optum Circle, Eden Prairie, Minnesota as its principal office and identify its current, Minnesota-based officers. O'Rourke Decl. ¶ 7, Ex. A at 2. Defendant filed this annual report on March 30, 2026, shortly before its regular due date of April 1, 2026. *Id.* ¶ 7, Ex. A at 2. Defendant has since amended its pleadings in *TAOS Comprehensive Health Corporation v. Change Healthcare, Inc.*, Case No. 25C2291 (Tennessee Circuit Court Davidson County) to reflect that Change's current principal place of business is Minnesota. *See id.* ¶ 8.

## ARGUMENT

### I. The Court Should Deny the Motion to Remand Without Prejudice, as It Did in the Initial Actions.

The Court should deny the Motion to Remand without prejudice and defer a substantive "decision on the status of Defendant's citizenship to the [Judicial Panel on Multidistrict Litigation] because the JPML is likely to already have familiarity with the [relevant] issues and evidence . . . ."

Exhibit 1 at 12. The Court should do so for the same reasons it denied the identical motions in the Initial Actions.

As set forth in the Order Denying Remand in the Initial Actions, all the relevant factors favor issuing a stay and denying remand without prejudice. *First*, there is no potential prejudice to Plaintiff, because the "mere delay" inherent to granting a stay and denying remand (without prejudice) is insufficient. *Id.* at 7–8. *Second*, Defendant will suffer real hardship and inequity absent a stay and denial of remand, because Defendant would be forced to litigate the same citizenship and merits issues in parallel proceedings across the country and will be denied the potential benefit of the highly organized process of the MDL proceedings. *Id.* at 8–9. *Third*, and most significantly, judicial economy and the avoidance of inconsistent rulings weighs "strongly in favor of granting the Motion to Stay"—"and thus avoiding, at this juncture, a ruling on the merits of the Motion to Remand" by denying it without prejudice. *Id.* at 9–10. Resolving the question of Defendant's citizenship in this Court will expend judicial resources duplicative of, and will risk reaching a result inconsistent with, the JPML's and MDL's resolution of the identical citizenship question. *Id.* at 10–11. All factors favor granting a stay and denying remand (without prejudice), just as this Court did in the Initial Actions.

The JPML's subsequent Transfer Order of the Initial Actions confirms that the Court's approach was correct. This action is substantively identical to the Initial Actions and on the same procedural track. Defendant identified this action as a potential tag along to the Change MDL on July 7, 2026, Change MDL, ECF No. 683, and moved to stay this action pending the JPML's decision on that notice, ECF No. 6, for the same reasons that supported a stay in the Initial Actions. The same considerations of judicial economy, avoidance of inconsistent rulings, and deference to

the forum with the broadest familiarity with the recurring citizenship question apply equally here and are precisely why the MDL exists.

## II. If the Court Reaches the Merits of Plaintiff's Motion, It Should Deny Remand.

A federal district court has jurisdiction over a case based on diversity of citizenship when the parties are citizens of different states and the amount in controversy is more than $75,000. 28 U.S.C. § 1332(a)(1).[3] If diversity jurisdiction exists, a defendant may remove a case originally filed in state court to the federal district court whose district includes the location of the state court where the suit was filed. 28 U.S.C. § 1441(a). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). "A corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. 1332(c)(1). Courts assess citizenship diversity at the time of removal. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).

A notice of removal need only provide "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. 1446(a). When a party challenges removal and seeks a remand, courts consider the plaintiff's complaint, the defendant's removal notice, and evidence relevant to jurisdictional facts. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Although a removing defendant must prove diversity by a preponderance of the evidence, *Bauer Found. Corp. v. IMI Tenn., Inc.*, No. 3:19-cv-00849, 2019 WL 6273253, at

[3] Plaintiff does not dispute the amount in controversy requirement.

*3 (M.D. Tenn. Nov. 25, 2019), it may do so by offering evidence in opposition to a motion to remand, *see id.* at 1–3.

### A. Defendant Is a Citizen of Delaware and Minnesota For Diversity Jurisdiction Purposes.

#### 1. Defendant Is Incorporated in Delaware.

Defendant is a corporation incorporated, organized, and existing under the laws of the state of Delaware**.** O'Rourke Decl. ¶ 2. Plaintiff does not dispute that Defendant is a citizen of Delaware.

#### 2. Defendant's Nerve Center Is in Minnesota.

Courts apply the "nerve center" test to determine a corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–95 (2010). The nerve center "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92–93. Accordingly, the "nerve center" test requires courts to assess of several interdependent facts; simply pointing to screenshots from the Tennessee Secretary of State's website will not suffice. *See Smith v. CEVA Logistics U.S. Inc.*, No. 3:19-cv-00913, 2020 WL 1443741, at *3 (M.D. Tenn. Mar. 25, 2020) ("[P]laintiff's submission of business filings from the Tennessee Secretary of State does not rebut the defendant's showing" that its "nerve center" was in Texas; "the documents make no difference" and "plaintiff has not shown that the defendant is a citizen of Tennessee"). And a corporation's principal place of business can change over time. *See Trans World Hosp. Supplies Ltd. v. Hosp. Corp. of Am.*, 542 F. Supp. 869, 871 n.1 (M.D. Tenn. 1982).

Critically, the Supreme Court expressly rejected the notion that a corporation's regulatory filings dispose of the nerve-center question. *See Hertz Corp.*, 559 U.S. at 97 (rejecting the argument that the "mere filing of a form like the Securities and Exchange Commission's Form 10–

K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'"). Courts in this District and others consistently adhere to this principle. *See Bauer*, 2019 WL 6273253, at *4 (recognizing that "numerous courts have recognized that statements made in corporate forms are not dispositive"); *see also Pegasus Indus., Inc. v. Martinrea Heavy Stampings, Inc.*, No. 3:16-CV-00024-GFVT, 2016 WL 3043143, at *2 (E.D. Ky. May 27, 2016) (finding that a certificate of authority listing a principal office address with the Secretary of State "is not conclusive proof" of the nerve center).

Under the *Hertz* nerve-center test, the facts at the time of filing and removal firmly establish that Change's principal place of business is in Minnesota. As set forth in the O'Rourke Declaration, Defendant is a Delaware corporation whose business functions are fully incorporated into Optum at its 1 Optum Circle, Eden Prairie, Minnesota headquarters. O'Rourke Decl. ¶¶ 2–4. Optum directs, controls, and coordinates Defendant's material operations and business decisions Eden Prairie. *Id.* ¶¶ 4–5. Optum or UnitedHealth Group employees serve as Defendant's employees and corporate officers. *Id.* ¶ 5. Defendant has no independent employees, and its board does not meet regularly. *Id.*

This Court's reasoning and ultimate denial of a motion to remand in *Bauer* is instructive. *See* 2019 WL 6273253, at *6. In *Bauer*, the plaintiff, a Florida corporation, alleged that the defendant was an Indiana corporation with its principal place of business in Tennessee. *Id.* at *1. The defendant removed the case based on diversity jurisdiction and alleged that its principal place of business [in Tennessee] was actually in Indiana. *Id.* At the time of removal, the defendant's own filings, including the notice of removal, business entity disclosure statement, and answer, reflected that its principal place of business was in Tennessee. *Id.* In response to a motion to remand, however, the defendant explained that its prior representations were mistaken and that, in

fact, its principal place of business was at its corporate parent's headquarters in Indiana. *Id.* at *1, 3. In support, the defendant submitted an affidavit stating that from the president of its Tennessee division who averred that the defendant's operations were controlled from the parent's headquarters and that the defendant itself was a wholly owned subsidiary of the parent. *Id.* at *1, 3.

The court acknowledged the tension between the defendant's corrected position and its prior filings but held that the prior statements were not conclusive and other record evidence outweighed them. *Id.* at *4, 6. Thus, despite the defendant's inconsistent statements in filings, this Court denied the motion to remand because the defendant had shown by a preponderance of the evidence that its nerve center was in Indiana. *Id.* at *6.

In arguing that Defendant's principal place of business is in Tennessee, Plaintiff relies on screenshots of Defendant's records with the Tennessee Secretary of State, an answer filed in Davidson County Circuit Court on December 9, 2025, and testimony by Defendant's parent company's previous CEO on May 1, 2024. *See* Mem. in Support of Pl.'s Mot. to Remand at pp. 3, 5 (ECF No. 15). None of these sources establish Tennessee citizenship under the governing legal standard.

*First*, as discussed above, Secretary of State filings are not dispositive of a corporation's nerve center. *See Bauer*, 2019 WL 6273253, at *4. The fact that Defendant historically listed a Nashville address with the Tennessee Secretary of State says nothing about where Defendant's officers actually directed, controlled, and coordinated the corporation's activities on the date Defendant filed the notice of removal. Indeed, Defendant's updated and more recently filed annual report reflects its Minnesota principal place of business and Minnesota officers. O'Rourke Decl. ¶ 7, Ex. A at 2.

*Second*, the December 2025 Davidson County Circuit Court answer is not dispositive either. *See Bauer*, 2019 WL 6273253, at *4 (courts may weigh prior judicial admissions against other facts in the record). Nor is it probative, as Defendant has since amended its answers in the Tennessee State Court cases, including *TAOS*, to accurately reflect its principal place of business in Minnesota. O'Rourke Decl. ¶ 8.

*Third*, the 2024 Congressional testimony of UnitedHealth Group's then-CEO predates by over a year the termination of Defendant's Nashville headquarters lease and the full consolidation of Defendant into Optum. It sheds no light on Defendant's citizenship as of February 22, 2026, the operative date for the diversity analysis. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (diversity of citizenship is assessed at the time of removal).

In sum, the sworn evidence before this Court establishes that Defendant's nerve center sat in Eden Prairie, Minnesota at the time of removal, while Plaintiff's evidence reflects only Defendant's historical, since-superseded Tennessee presence. Therefore, Defendant has demonstrated its Minnesota citizenship by a preponderance of the evidence, and the Court should deny remand.

**B. The Forum Defendant Rule Does Not Apply Because Defendant Is Not a Citizen of Tennessee.**

The forum defendant rule provides that a case removable solely based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Because Defendant is a citizen of Delaware and Minnesota—not Tennessee—the forum defendant rule is inapplicable here. Therefore, the Court should deny Plaintiff's motion.

### C. The Post-Removal Discovery Order was Void *Ab Initio* and Does Not Favor Granting Remand

Plaintiff separately argues that Defendant failed to answer State court jurisdictional discovery, showing that "Defendant lacked a good faith basis to remove." Mem. in Support of Pl.'s Mot. to Remand at 5, ECF No. 15. Again, this Court already has denied such arguments in the Initial Actions and should do so again here. *See, e.g.*, Exhibit 1 at 2 (denying remand despite plaintiffs' contention that Defendant was engaged in "improper attempt[s] to force this state court case into the federal [MDL]"). In addition, Plaintiff's argument fails from the outset because the order Plaintiff invokes was void.[4] Once Defendant filed its notice of removal on July 7, 2026 and notified the State Court, "the State court [could] proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Thus, the State Court's order entered after removal was "absolutely void." *Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020) (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)); *see, e.g.*, *Carter v. Ledraplastic SPA*, 313 F. Supp. 2d 736, 738 (M.D. Tenn. 2004) (holding a state-court order entered following removal void).

Without a valid order, Plaintiff attempts to rely on oral remarks the State Court made from the bench—but they, too, were not binding. Under Tennessee law, "[t]he action of a court is not complete nor effective for any purpose until a record thereof has been spread upon the minutes of the court, and the minutes duly signed or authenticated." *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 410 (6th Cir. 2008) (quoting *Mass. Mut. Life Ins. Co. v. Taylor Implement & Vehicle Co.*, 195 S.W. 762, 765 (Tenn. 1917)). In fact, the Tennessee Supreme Court amended Rule 58 of the Tennessee Rules of Civil Procedure with the express purpose "to make clear

[4] Defendant has filed a Motion to Vacate based upon these grounds which is now fully briefed and remains pending before this Court. *See* Mot. to Vacate, ECF No. 8; Mem. in Supp. of Mot. to Vacate, ECF No. 9; Reply in Support of Mot. to Vacate, ECF No. 16.

that . . . the effective date of all court orders (not just entries of judgment or orders of final disposition) is the date of the filing of the order." Tenn. R. Civ. P. 58 Advisory Comm'n Cmt. (2022).

Plaintiff's contentions regarding the Post-Removal Discovery Order are meritless. The order never took legal effect; it is subject to a pending motion to vacate before this Court, ECF No. 8; and it is completely irrelevant to the Motion to Remand.

**D. The Court Should Not Award Fees to Plaintiff.**

The Court should deny Plaintiff's request for fees under 28 U.S.C. § 1447(c), both because Defendant's removal was proper and because Defendant has demonstrated that it had an objectively reasonable basis for seeking removal.

The Sixth Circuit has instructed that "[a]bsent unusual circumstances, . . . fee awards are appropriate 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. "[T]here is no presumption that such [an] award should be made." *Threlkeld v. Norton Healthcare Louisville*, No. 3:22-CV-00522-GNS, 2023 WL 4549599, at *2 (W.D. Ky. July 14, 2023) (citing *Martin*, 546 U.S. at 136–37).

Defendant had a more than reasonable basis for seeking removal, as demonstrated by the sworn declaration testimony establishing, for example, that Defendant's nerve center sat in Eden Prairie, Minnesota as of the date of filing, that Defendant had terminated its Nashville lease, and that Change had no independent employees anywhere, let alone in Tennessee. These facts easily establish that Defendant had, at minimum, a reasonable basis to claim its principal place of

business in Minnesota and therefore to seek removal. In contrast, the few materials Plaintiff provides come nowhere close to satisfying the high threshold of proving that Defendant utterly lacked any objectively reasonable basis to claim citizenship in Minnesota under the fact-intensive "nerve center" test. Nor can Plaintiff manufacture an objectively unreasonable basis for removal out of Defendant's non-compliance with a void post-removal state court order or out of Defendant's decision to seek MDL coordination through the ordinary tag along process that the Court confirmed as appropriate in the Initial Actions. Plaintiff's suggestion that Defendant's tag along notice reflects an "improper purpose" is unsupported. Seeking coordination of overlapping citizenship and merits questions in the Change MDL is precisely the purpose the Change MDL serves. And minor prejudice to Plaintiff, even if it intends to opt out of any class, is immaterial to coordination in the MDL. Exhibit 2 at 2. There is no basis or reason to impose fees here, and the Court should deny Plaintiff's request.

**CONCLUSION**

For the foregoing reasons, Defendant Change Healthcare Inc. respectfully requests that this Court deny Plaintiff's Motion to Remand and Plaintiff's request for attorneys' fees in their entirety.

Dated: August 20, 2026

Respectfully submitted,

*/s/ E. Todd Presnell*
E. Todd Presnell (BPR No. 017521)
Joseph P. Mueller (N.Y. Bar No. 5079389)
Andrew W. Tao (BPR No. 041344)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One 22 One
1221 Broadway, Suite 2400
Nashville, TN 37203
T. (615) 252-2355
F. (615) 252-6355
tpresnell@bradley.com
jmueller@bradley.com
atao@bradley.com

*Counsel for Defendant Change Healthcare Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to the following parties:

J. Gerard Stranch, IV
Grayson Wells
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

Matthew Sill
Tara Tabatabaie
Dimitri Flowers
SILL LAW GROUP, PLLC
1101 N. Broadway Ave., Suite 102
Oklahoma City, Oklahoma 73103
Tel: (405) 509-6300
Fax: (800) 978-1345
msill@fulmersill.com
ttabatabaie@fulmersill.com
dflowers@fulmersill.com

Jacob Diesselhorst
Andy Campbell
MAPLES NIX & DIESSELHORST
15401 N. May Avenue
Edmond, Oklahoma 73013
Tel: (405) 478-3737
Fax: (405) 513-5005
jacob@mndlawfirm.com
andy@mndlawfirm.com

Dated: August 20, 2026

*<u>/s/ E. Todd Presnell</u>*
E. Todd Presnell